AMERICAN ARBITRATION ASSOCIATION

COMMERICIAL TRIBUNAL

| | |
|---|---|
| ANIBAL GOMEZ, ANTHONY W. BATTILLO,  CLAIMANTS  V  ALLIED PROFESSIONALS INSURANCE COMPANY, A RISK RENTION GROUP, INC,  RESPONDENTS | Case No.: 01-20-0005-4247  01-20-0015-6069  ORDER RE CHOICE OF LAW |

At the scheduling conference conducted on June 25, 2021 counsel requested and the Panel ordered a briefing schedule for the parties to serve their cross motions on the issue of choice of law. Briefs have been served and considered by the Panel along with oral argument that was heard on September 3, 2021.

## INTRODUCTION

Claimant Anibal Gomez (Gomez) received chiropractic treatment from Dr. Anthony W. Battillo, D.C. (Battillo) that resulted in significant injuries to Gomez. Gomez sued Battillo in a Florida state court action. A Florida jury awarded Gomez approximately $3,700,000 in damages against Battillo. Battillo's malpractice carrier was respondent, Allied Professionals Insurance Company (Allied). Prior

1

to trial, Gomez demanded Allied's policy limits of $1,000,000 which Allied rejected.

Gomez filed a Florida common law bad faith action against Allied in Florida state court. Allied removed the case to federal court and prevailed on a motion to compel arbitration. Battillo joined the Gomez v Allied arbitration proceeding.

## THE POLICY LANGUAGE

The APIC Policy contains two provisions that are pertinent here:

> **C. Arbitration.** If a dispute or claim shall arise with respect to any of the terms or provisions of this Policy, or with respect to the performance by any of the parties to the Policy, then any party or that party's authorized representative may, by notice as herein provided, require that the dispute be submitted within fifteen (15) days to an arbitrator in good standing with the American Arbitration Association under the Commercial Arbitration Rules of the American Arbitration Association then in effect. Any arbitration undertaken pursuant to the terms of this section shall be governed by the Federal Arbitration Act and shall occur in Orange County, California.
>
> **R. Choice of Law.** This Policy and the right of the parties hereunder shall be governed by and construed in accordance with the laws of the State of California, including all matters of construction, validity, performance, and enforcement without giving effect to the principles of conflict of laws. Notwithstanding this provision, arbitration shall be governed by the Federal Arbitration Act.

2

## CONTENTIONS OF THE PARTIES

Claimants contend that the substantive law of the State of Florida should govern this proceeding. Under Florida law a bad faith action against an insurer is recognized.

Respondent contends that the substantive law of the State of California should govern this proceeding. Under California law a bad faith action against an insurer is not recognized.

While acknowledging that the policy's choice of law paragraph specifies that the policy and the rights of the parties are to be governed by the law of California without giving effect to the principles of conflict of laws, Claimants argue that because the choice of law paragraph is not contained in the arbitration paragraph, it has no application here. It points to the last sentence of the choice of law paragraph ("Notwithstanding this provision, arbitration shall be governed by the Federal Arbitration Act") as indicating the choice of law provision has no application to this proceeding since it is governed by the FAA; and, since the arbitration paragraph makes no mention of choice of law, a conflict of laws analysis is required to determine which state's law applies. They then perform that analysis under the "governmental interest" test and urge the Panel to conclude that Florida state law should be selected as the controlling body of law. Finally, they argue that the law of the case doctrine requires that this proceeding be governed by Florida state law.

Respondent emphasizes that the policy language reflects the parties' intent that California law shall apply. It rejects Claimants' assertion that the choice of law paragraph is inapplicable either because it provides that the arbitration will be governed by the FAA or because the choice of law provision is not separately included in the arbitration paragraph. Respondent also contends that The

3

Liability Risk Retention Act (LRRA) precludes the application of Florida law. Alternatively, Respondent analyzes this case under the governmental interest test and urges the Panel to conclude that California state law should be selected as the controlling body of law under that test.

## DISCUSSION

Both sides have cited and discussed *Mastrobuono v Shearson* (1995) 514 US 52. Several principles of interpreting and enforcing arbitration agreements and choice of law provisions are enunciated in the opinion. These include:

(1) the FAA's central purpose is to ensure that "private agreements to arbitrate are enforced according to their terms" (*Id.* p. 52);

(2) "But it does not follow that the FAA prevents the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself. Indeed, such a result would be quite inimical to the FAA's primary purpose of ensuring that private agreements to arbitrate are enforced according to their terms. Arbitration under the Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate, see *Mitsubishi* [*Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 3354-55, 87 L.Ed.2d 444 (1985)], so too may they specify by contract the rules under which that arbitration will be conducted." *Volt,* 489 U.S., at 479, 109 S.Ct., at 1256. (*Id.* p. 57);

(3) A document should be read to give effect to all of its provisions and to render them consistent with each other. (*Id.* p. 63.)

(4) The arbitration provision and choice of law provision should be harmonized with one another. (*Id.* p. 63-64.)

4

(5) "... choice of law provision covers the rights and duties of the parties while the arbitration clause covers arbitration; neither sentence intrudes upon the other." (*Id.* p. 64.)

In *Mastrobuono* there was both an arbitration provision and a choice of law provision (New York). It was argued to the court that these were in conflict. The court rejected these arguments and ultimately harmonized the two provisions in accordance with the parties' intent as expressed in the language of the agreement.

Here, the policy language expressly states that California law is to apply to all matters of construction, validity, performance and enforcement "without giving effect to the principles of conflict of law." To accept Claimants' position would be to render this provision a nullity and would contravene the right of the parties to enforce private agreements "according to their terms." (*Id.* p. 52.) And, contrary to Claimants' position, the FAA does not require that a conflicts of laws analysis be conducted where there is a choice of law provision; nor does the law require that a choice of law provision be included in the arbitration provision itself before it is enforceable in the arbitration proceeding. Claimants have not cited any law to the contrary. [1]

---

[1] On the morning of the oral argument, Claimants submitted (without permission) the opinion in *Scarpone v Empire* No C-95-2094 MHP, 1996 WL 231026 (ND Cal. 1996). The Panel declines to consider this authority as having been submitted after the briefing was closed and because Respondent was not given a reasonable opportunity to respond. Nevertheless, the opinion, citing the comment to section 187 of the Restatement, states that, while insurance contracts are examples of adhesion contracts "Choice of law provisions contained in such contracts are usually respected. Nevertheless, the forum will scrutinize such contracts and will refuse to apply any choice of law provision they may contain if to do so would result in substantial injustice to the adherent." The court concluded there would be substantial injustice in that case, not because all insurance policies are contracts of adhesion rendering their choice of law provisions unenforceable, but because of the unique facts of the case (Scarpone's claims arose under both a group policy and a conversion policy with only the conversion policy containing a choice of law provision, and where his "claims are not clearly separable along those lines.").

Claimants also contend that the federal court order compelling arbitration is "law of the case" establishing that Florida law governs this arbitration. They rely on the following language of the Judge's order:

> Plaintiff appears to argue that an arbitrable issue does not exist under the arbitration clause because California courts do not recognize third-party bad faith insurance claims. *See* ECF No. [23] at 1. The Court fails to see how that contention bears on this matter. The Complaint asserts a Florida common law third-party bad faith claim against Defendant. Plaintiff cites no authority for the implied proposition that an arbitrator in California cannot hear claims arising under Florida law. Nor does he identify any authority for the related proposition that an arbitrator in California cannot hear claims under another state's law that are not recognized under California law.
>
> ....
>
> The Court further recognizes that other courts have approved arbitrating Florida based insurance disputes in California under this arbitration clause. *See Kong*, 750 F.3d at 1298.
> *Gomez v. Allied Professionals Ins. Co.*, 457 F. Supp. 3d 1351, 1363 (S.D. Fla. 2020)

The law of the case doctrine generally provides that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case. It only acts as a bar when the issue in question was actually considered and decided by the first court. It does not extend to issues the first court did not address. (*U. S. v Cote* (9th Cir. 1995) 51 F.3d 178, 181.)

First, it should be noted that the "first court" here is not an appellate court. Second, the opinion of the Florida federal judge confirmed that an arbitrable issue existed and granted the motion to compel arbitration. No evidence has been presented that the judge was asked to determine whether Florida state law or California state law should govern the arbitration proceeding. The opinion makes no such determination. Accordingly, the federal court order compelling

6

arbitration does not invoke the law of the case doctrine to mandate that Florida law governs these proceedings.

## CONCLUSION

The Panel determines that, pursuant to the policy's choice of law provision, this arbitration proceeding shall be governed by the laws of the State of California.[2]

Dated: September 7, 2021

Justice Stephen J. Kane (Ret.)
Arbitrator, Chair

Hon. Christopher Skelly
Arbitrator

Eric Dobberstein
Arbitrator

[2] In light of our ruling, the remaining issues raised by the parties are rendered moot (e.g., governmental interest analysis, LRRA).

arbitration does not invoke the law of the case doctrine to mandate that Florida law governs these proceedings.

## CONCLUSION

The Panel determines that, pursuant to the policy's choice of law provision, this arbitration proceeding shall be governed by the laws of the State of California.[2]

Dated: _____

_____
ERIC DUBBERSTEIN

_____

---

[2] In light of our ruling, the remaining issues raised by the parties are rendered moot (e.g., governmental interest analysis, LRRA).

7