UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24994-BLOOM/Louis

ANIBAL GOMEZ,

    Plaintiff,

v.

ALLIED PROFESSIONALS
INSURANCE COMPANY,

    Defendant.
_____/

**OMNIBUS ORDER ON PLAINTIFF'S MOTION TO
REOPEN AND DEFENDANT'S MOTION FOR SANCTIONS**

**THIS CAUSE** is before the Court upon Plaintiff Anibal Gomez's ("Plaintiff") Motion to Reopen Case or, in the Alternative, Determine Conflict of Law, ECF No. [31] ("Motion to Reopen"), filed on November 10, 2021and Defendant Allied Professionals Insurance Company's ("Defendant") Motion for Sanctions Pursuant to 28 U.S.C. § 1972 and the Court's Inherent Powers, ECF No. [37] ("Motion for Sanctions"), filed on December 17, 2021 (collectively, "Motions").[1] The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are denied.

**I.   BACKGROUND**

This matter stems from a lawsuit Plaintiff initiated in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Defendant on November 11, 2019, ECF No. [1-1].

---

[1] Regarding the instant Motions, Defendant filed an Opposition to Plaintiff's Motion to Reopen, ECF No. [36] ("Defendant's Response"), to which Plaintiff filed a Reply, ECF No. [41] ("Plaintiff's Reply"). Additionally, Plaintiff filed a Response in Opposition to Defendant's Motion for Sanctions, ECF No. [42] ("Plaintiff's Response"), to which Defendant filed a Reply, ECF No. [43] ("Defendant's Reply"). The Motions are ripe for the Court's consideration.

Defendant removed the case to this Court on December 4, 2019, ECF No. [1], based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

According to the Complaint, ECF No. [1-1], Defendant issued an insurance policy to its insured, Dr. Anthony Batillo ("Dr. Batillo"), "to cover and indemnify Dr. Batillo for professional liability for injuries arising out of the rendering of or the failure to render chiropractic services," with a policy limit of $1,000,000.00 per incident. *Id.* ¶¶ 4-5. While the policy was in effect, Plaintiff underwent chiropractic treatment with Dr. Batillo and suffered a dissection of his right internal carotid artery, which caused him to suffer an ischemic stroke. *Id.* ¶ 7. Plaintiff alleges that Defendant was timely notified of the negligence claim against Dr. Batillo and had sufficient information to timely tender the $1,000,000.00 policy limits. *Id.* ¶ 8. He maintains that Defendant "knew or should have known" that the value of Plaintiff's claim, "if not settled promptly, presented a risk of certain financial exposure" "well in excess of the" policy limit. *Id.* ¶ 10. He adds that he provided Defendant "with at least three opportunities" to settle the claim within the policy limits, *id.* ¶ 11, but those demands were rejected or ignored. *Id.* ¶¶ 12-13.

Plaintiff alleges that on November 14, 2018, he obtained a final judgment against Dr. Batillo for approximately $3.7 million. *Id.* ¶ 14.[2] In his view, Defendant should have timely tendered the $1,000,000.00 policy limit to settle the underlying claim because "[d]oing so would have been proper pursuant to settled Florida bad faith law." *Id.* ¶ 16. The Complaint alleges a single count for common law bad faith based on Defendant's alleged breach of its duties of good faith to Dr. Batillo, including its failure to settle Plaintiff's claim within policy limits "when it could have and should have done so." *See id.* ¶¶ 18-24.

---

[2] On March 25, 2020, the Court granted Plaintiff's unopposed motion for leave to amend paragraphs 23 and 24 of the Complaint by interlineation, ECF Nos. [21] and [22], to allege that Plaintiff was also awarded $841,947.15 in attorney's fees and costs, plus statutory interest, against Dr. Batillo in the underlying action.

On March 17, 2020 Defendant filed a Motion to Compel Arbitration and Stay Proceedings, ECF No. [20] ("Motion to Compel"), requesting that the Court compel arbitration to occur in California and to stay proceedings in the Southern District of Florida pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), and Section V.C of the subject insurance policy. *See* ECF No. [20]; *see also* ECF No. [20-1] at § V.C. On May 6, 2020, the Court entered an Order granting the Motion to Compel. ECF No. [27] ("Order"). In that Order, the Court determined that while Plaintiff is not a signatory to the underlying contract, he is nonetheless bound by the arbitration provision at issue under both equitable estoppel and admitted third-party beneficiary theories. *Id.* at 11. Specifically, the Court explained that "[b]y seeking such benefits arising from the policy's provisions, Plaintiff is estopped from avoiding the burdens of the same policy." *Id.* at 11. The Court further noted "that Plaintiff's bad faith claim is 'not separate and distinct from' but is 'derivative of' a potential claim Dr. Batillo could bring based on the policy." (citation omitted)).

Relevant to the instant Motion to Reopen, the Court also held that an arbitrable issue exists. Specifically, the Court rejected Plaintiff's contention that an arbitrable issue did not exist because California courts do not recognize third-party bad faith insurance claims. *Id.* at 16-17. The Court explained:

> The Complaint asserts a Florida common law third-party bad faith claim against Defendant. Plaintiff cites no authority for the implied proposition that an arbitrator in California cannot hear claims arising under Florida law. Nor does he identify any authority for the related proposition that an arbitrator in California cannot hear claims under another state's law that are not recognized under California law.
>
> The arbitration provision, moreover, broadly states that it applies to a dispute or claim "with respect to any of the terms or provisions of this Policy, or with respect to the performance by any of the parties to the Policy[.]" *See* Section V.C. And it explicitly directs that arbitration will occur in California. Plaintiff, thus, fails to show how the instant dispute, which arises from Defendant's alleged breach of duties owed to Dr. Batillo under the policy, falls outside the ambit of that provision. The Court further recognizes that other courts have approved arbitrating Florida based insurance disputes in California under this arbitration clause.

> "Faced with a facially valid arbitration agreement, the burden is on the party opposing arbitration to demonstrate that the agreement is invalid or the issue otherwise non-arbitrable." Plaintiff has not met his burden on this point and the Court finds that an arbitrable issue exists.

*Id.* (internal citations omitted).

Plaintiff thereafter initiated arbitration proceedings with the American Arbitration Association ("AAA") against Defendant, alleging a single cause of action for common law, third-party bad faith. At the scheduling conference held on June 25, 2021, the parties jointly moved the arbitration panel to determine whether Florida or California law should apply to the arbitration proceeding pursuant to the choice of law provision in the policy.[3] ECF No. [31-1] at 1; *see also* ECF No. [36-5] at 1. Specifically, the choice of law provision provides:

> R. Choice of Law. This Policy and the right of the parties hereunder shall be governed by and construed in accordance with the laws of the State of California, including all matters of construction, validity, performance, and enforcement without giving effect to the principles of conflict of laws. Notwithstanding this provision, arbitration shall be governed by the Federal Arbitration Act.

ECF No. [20-1] at § V.R.

The arbitration panel ordered a briefing schedule for the parties to serve their cross motions on the issue of choice of law and heard oral argument on September 3, 2021. ECF No. [31-1] at 1. On September 7, 2021, the arbitration panel issued an Order re Choice of Law, ECF No. [31-1], determining "that, pursuant to the policy's choice of law provision, the arbitration proceeding shall be governed by the laws of the State of California." *Id.* at 7. Thereafter, on November 8, 2021, Defendant submitted its letter brief in support of its dispositive motion for summary judgment. ECF No. [36-4] ("Motion for Summary Judgment"). On November 18, 2021, the arbitration panel

---

[3] Plaintiff took the position that the substantive law of Florida, which recognizes third-party bad faith actions against an insurer, should govern the arbitration proceedings. ECF No. [31-1] at 3. Defendant, on the other hand, maintained that the substantive law of California, which does not recognize third-party bad faith actions against an insurer, should apply. *Id.*

4

issued its Order granting the Motion for Summary Judgment, ECF No. [36-5], explaining that "California law holds that there is no private cause of action for a third-party, common law bad faith claim against an insurance company for its failure to settle a claim within the policy limits." *Id.* at 2.[4] The arbitration panel concluded that "[s]ince there was no contractual relationship between [Plaintiff] and [Defendant], under California law, [Plaintiff] may not bring a tort action against [Defendant] based on its handling of the claim against its insured, Dr. Batillo." *Id.* The arbitration panel entered judgment in favor of Defendant. *Id.* at 2.

On November 10, 2021, while Defendant's Motion for Summary Judgment was pending, Plaintiff filed the instant Motion to Reopen. In his Motion, Plaintiff requests that the Court "reopen this administratively closed case, now that arbitration has been had in accordance with 9 U.S.C. § 3, or, in the alternative, to find that Florida law controls the arbitration of the claims in the separate arbitration proceeding." ECF No. [31] at 1. In response, Defendant urges the Court to deny the Motion to Reopen in its entirety and sanction counsel for Plaintiff "for unreasonably and vexatiously multiplying these proceedings." ECF No. [36] at 1. Defendant separately filed its Motion for Sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent powers. ECF No. [37].

## II. MOTION TO REOPEN

In his Motion to Reopen, Plaintiff argues that "[w]hile a decision [to reopen this administratively closed case] is inherently within the Court's discretion, good cause nonetheless exists to reopen this case to permit Plaintiff's claims to proceed on the merits." ECF No. [31] at 4. Plaintiff explains that the merits of his bad faith claim were never reached because the arbitration panel decided that California law, which "does not recognize a claim for third-party insurance bad

---

[4] The arbitration panel noted that Plaintiff served a response to the Motion for Summary Judgment, stating that it "'does not oppose entry of a Final Award in [Defendant's] favor,' but does oppose [Defendant's] request to pay its one-half of the AAA fees and expenses and Arbitrators' compensation incurred by [Defendant]." ECF No. [36-5] at 2.

faith" and "is the claim Plaintiff brought in this Court and in arbitration[,]" governed the arbitration proceeding. *Id.* at 6. According to Plaintiff, he "had the misfortune of not only being on the receiving end of an insurer which failed to tender its insured's policy limits for a claim a Florida jury valued at more than three times the policy limits, but also of being subjected to a choice of law provision in an insurance contract that he was not a party to, and which applied a different state's law that completely foreclosed Plaintiff from adjudicating his third-party bad faith claims." *Id.* Plaintiff alternatively argues that the Court should "determine the choice of law that governs the arbitration proceedings as Section 3 of the Federal Arbitration Act permits district courts to 'consider a conflict of law' in an arbitration proceeding." *Id.* at 7 (citation omitted).

Defendant responds that the Court should deny the Motion to Reopen in its entirety and sanction counsel for Plaintiff "for unreasonably and vexatiously multiplying these proceedings." ECF No. [36] at 1. Defendant maintains that Plaintiff's "Motion is best summarized as a request for a 'do-over' either in the form of a motion for reconsideration of this Court's order compelling arbitration or in the form of a motion to vacate the arbitrators' Order determining California law applies (and their subsequent award granting [Defendant's] motion for summary judgment)." *Id.* at 9. According to Defendant, Plaintiff's motion for reconsideration would just be a repackaging of his arbitrability defense argued in opposition to [Defendant's] Motion to Compel Arbitration." *Id.* at 9. Additionally, "[a]s for vacating the arbitration panel's Order determining California law applied to the parties' substantive claims[,]" Defendant explains that "[a] motion to vacate is not a mechanism to appeal or otherwise challenge the merits of a dispute conclusively determined in arbitration." *Id.* at 10. Defendant avers that "[s]o long as the Court can infer a rational ground for the decision, the award should be confirmed." *Id.* at 11.

Plaintiff replies that he "does not seek a 'do-over' as Defendant contends" but rather

"merely seeks an opportunity to have his insurance bad faith claim decided on the merits in the first instance." ECF No. [41] at 1. Specifically, Plaintiff explains that "[t]he arbitration panel's conflict of law decision foreclosed Plaintiff from even maintaining his insurance bad faith action against [Defendant] and no issue of liability was decided because the question of [Defendant's] liability was not submitted to the arbitration panel." *Id.* at 2. Stated differently, "[b]ecause the arbitration panel's conflict of law order did not decide any of Plaintiff's bad faith claims lodged against [Defendant], the arbitration panel did not issue an order on the merits that made a final determination of the merits of the bad faith claim at issue." *Id.* Thus, according to Plaintiff, "there is no arbitration order that decided the merits of Plaintiff's bad faith claim for this Court to vacate." *Id.*

Upon review of the record and consideration of the parties' briefings, the Court agrees with Defendant that Plaintiff's Motion to Reopen is tantamount to a motion to vacate the arbitration panel's determination that California law applies to Plaintiff's common law bad faith claim and subsequent grant of summary judgment in Defendant's favor. *See* ECF No. [31-1]; ECF No. [36-5]. A motion to vacate, however, is not a mechanism to appeal or otherwise challenge the merits of a dispute conclusively determined in arbitration. Indeed, Congress carefully circumscribed the narrow and exclusive grounds for vacatur to prevent arbitration from becoming "merely a prelude to a more cumbersome and time-consuming judicial review process." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568-69 (2013) (quoting *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 588 (2008)).[5] Thus, on a motion to vacate an arbitration award under 9 U.S.C. § 10(a), a district

---

[5] Specifically, the FAA permits a district court to vacate an arbitration award under only four exclusive circumstances:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient

7

court "may revisit neither the legal merits of the award nor the factual determinations upon which it relies." *Wiand v. Schneiderman*, 778 F.3d 917, 926 (11th Cir. 2015) (finding the "entire argument for vacatur is based on the weight of the evidence presented, and that is simply beyond this court's—or the district court's—power to review"); *Aviles v. Charles Schwab & Co.*, 435 F. App'x 824, 829 n.7 (11th Cir. 2011) ("[A]n incorrect legal conclusion by an arbitrator [is] no ground for setting aside an arbitration ruling."). Indeed, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987) (citation omitted).

Here, Plaintiff has failed to present any evidence or legal argument that the arbitration panel's choice of law decision and subsequent award in Defendant's favor must be vacated. Indeed, upon review of the parties' submissions, it is apparent to the Court that the parties provided the arbitration panel with extensive briefing on the choice of law issue and presented their respective positions at oral argument. ECF No. [31-2]; ECF No. [36-2]; ECF No. [36-3]; *see also* ECF No. [36-1]. The arbitration panel then issued a detailed ruling explaining its determination as to why California law governs the arbitration proceedings. ECF No. [31-1]. While Plaintiff may not agree with the arbitration panel's determination and ultimate grant of summary judgment in Defendant's

---

cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4). *see also Hall St.*, 552 U.S. at 583 (holding that Sections 10 and 11 of the FAA are the "exclusive" grounds for judicial review of vacatur and modification of arbitration awards). Because "[j]udicial review of arbitral awards is extremely limited," *VFM Leonardo, Inc. v. ICE Portal, Inc.*, 2015 WL 11216727, at *5 (S.D. Fla. July 23, 2015) (citation omitted), a party seeking to vacate an award under 9 U.S.C. § 10(a) bears a heavy burden. *See Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1014 (11th Cir. 1998), *overruled on other grounds by Hall St.*, 552 U.S. at 576.

favor, that is not a sufficient basis for vacatur.[6] *See First Pres. Cap., Inc. v. Smith Barney, Harris Upham & Co.*, 939 F. Supp. 1559, 1563 (S.D. Fla. 1996) ("Courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation. So long as the Court can infer a rational ground for the decision, 'the award should be confirmed.'" (citing *Ainsworth v. Skurnick*, 960 F.2d 939, 940 (11th Cir. 1992); quoting *Huntsville Golf Dev., Inc. v. Brindley Const. Co., Inc.*, 847 F. Supp. 1551, 1554 (N.D. Ala. 1992))); *DIRECTV, LLC v. Arndt*, 546 F. App'x 836, 840 (11th Cir. 2013) ("[I]f the arbitrator (even arguably) interpreted the parties' contract, a court must end its inquiry and deny a § 10(a) motion for vacatur." (citations omitted)).[7]

Moreover, to the extent Plaintiff contends that the Court already determined that Florida law governs the parties' dispute, Plaintiff is mistaken. Indeed, the Court was at no point asked to determine whether Florida law or California law govern the arbitration proceedings. Rather, the Court solely determined that: (1) Plaintiff was bound by the terms and conditions of the Policy, including its arbitration provision, under the doctrine of equitable estoppel and as an admitted third-party beneficiary; (2) the arbitration provision is valid; (3) an arbitrable issue exists; and (4) Defendant did not waive its right to arbitrate. *See generally* ECF No. [27]. The Court further ordered "[t]hat the parties shall submit to arbitration *all* claims asserted in this matter in accordance with the arbitration provision in the underlying insurance policy[.]" *Id.* at 20. Thus, to the extent

---

[6] Plaintiff maintains that the arbitration panel failed to adjudicate his common law bad faith claim on the merit. However, the Court disagrees with Plaintiff's characterization of the proceedings. Indeed, while the arbitration panel did not address the factual sufficiency of Plaintiff's bad faith claim, it determined that Plaintiff's claim failed as a matter of law under well-established California precedent. ECF No. [36-5].

[7] Plaintiff cites to two out-of-circuit cases in support of his position that the Court may resolve a conflict of law issue and adjudicate his bad faith claim on the merits. However, those cases are materially distinguishable and inapplicable to the facts here. *See Sewell v. Waitr Holdings, Inc.*, No. 2:19-CV-00698, 2020 WL 208929, at *7 (W.D. La. Jan. 13, 2020) (determining that administrative closure, rather than dismissal of arbitrable claims, is appropriate because "[t]he Court *may* be called upon to consider a conflict of law or to enforce, confirm, modify, or vacate the arbitrator's award."); *Tillman v. Tillman*, 825 F.3d 1069 (9th Cir. 2016) (excusing a party's non-compliance with the district court's order compelling arbitration when the proceedings were terminated due to one party's inability to pay for her share of arbitration.").

Plaintiff contends that the arbitration panel exceeded its authority in determining the choice of law issue, the Court is unpersuaded. Based on the foregoing, the Court finds no basis to reopen this case. Accordingly, Plaintiff's Motion to Reopen is denied.

### III. MOTION FOR SANCTIONS

As set forth above, in addition to asking the Court to deny the Motion to Reopen, Defendant seeks sanctions against Plaintiff for "unreasonably and vexatiously multiplying these proceedings." ECF No. [37]. The Motion for Sanctions asks the Court to enter an award of attorneys' fees and costs against Plaintiff, pursuant to the Court's inherent powers and 28 U.S.C. § 1927, incurred in filing its Opposition to Plaintiff's Motion to Reopen and its Motion for Sanctions. *Id.*

A court may sanction an attorney as well as a party for bad faith litigation conduct under its inherent powers. *See Taverna Imports, Inc. v. A & M Wine & Spirits, Inc.*, 15-24198-CIV, 2018 WL 3611405, at *10 (S.D. Fla. July 27, 2018). "Courts have inherent power to levy sanctions against litigants for abuse of the judicial system even if procedural rules also exist that sanction the same conduct." *Id.* (collecting cases). This inherent power allows courts to award attorneys' fees and costs against a party, an attorney, or both, "when either has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). Importantly though, "[t]he key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing *In re Mroz*, 65 F.3d at 1575). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent" or when a party "delay[s] or disrupt[s] the litigation or hamper[s] enforcement of a court order." *Id.* (quoting *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)).

Case 1:19-cv-24994-BB Document 46 Entered on FLSD Docket 01/27/2022 Page 11 of 12

Case No. 19-cv-24994-BLOOM/Louis

Courts also have the power to enter sanctions against an attorney pursuant to 28 U.S.C. § 1927, the purpose of which is to deter frivolous litigation, abusive litigation practices by attorneys, and ensure that the party or individual who creates unnecessary costs bears them. *Id.* (citing *Roadway Express v. Piper*, 447 U.S. 752, 762 (1980)); *see also* 28 U.S.C. § 1927.[8] "To impose sanctions under this statute: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that conduct must multiply the proceedings; and (3) the amount of the sanction must bear a financial nexus to the excess proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). The imposition of sanctions under this statute "turns on the attorney's objective conduct as compared to how a reasonable attorney would have acted under the circumstances." *Taverna Imports*, 2018 WL 3611405, at *9 (citing *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010)). "Objectively reckless conduct is sufficient to justify sanctions under § 1927 even if the attorney does not act knowingly and malevolently." *Id.*

The Court finds that sanctions are not warranted under either the Court's inherent powers or § 1927. Although Plaintiff's Motion to Reopen is not meritorious, there is no evidence in the record that Plaintiff or Plaintiff's counsel knowingly or recklessly raised a frivolous argument or otherwise acted in bad faith when filing the Motion to Reopen. Indeed, while the Motion to Reopen is not successful, the Court cannot conclude that it was frivolous. While future filings seeking this same relief before this Court may rise to the level of vexatious conduct, the Court concludes that

---

[8] Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Plaintiff's conduct did not reach that level as a result of filing the Motion to Reopen. For this reason, the Motion for Sanctions is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Reopen, **ECF No. [31]**, is **DENIED**.

2. Defendant's Motion for Sanctions, **ECF No. [37]**, is **DENIED**.

3. This action shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 26, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record