**AMERICAN ARBITRATION ASSOCIATION**

**COMMERCIAL ARBITRATION TRIBUNAL**

| | |
|---|---|
| ANIBAL GOMEZ, | AAA Case Nos. 01-20-0005-4247 |
| Claimant, | **[PROPOSED]** |
| vs. | **FINAL ARBITRATION AWARD** |
| ALLIED PROFESSIONALS INSURANCE COMPANY, A RISK RETENTION GROUP, INC., | |
| Respondent. | |

THE UNDERSIGNED ARBITRATORS, having fully considered the law and facts presented in this matter and the arguments of counsel, finds, concludes and issues this Final Arbitration Award as to the claims of Anibal Gomez ("Gomez") against Allied Professionals Insurance Company, A Risk Retention Group, Inc. ("Allied") as follows:

**A.  Introduction**

This matter comes before us on Allied's dispositive motion for summary judgment or in the alternative judgment on the pleadings of Gomez's Demand for Arbitration dated May 29, 2020 ("Demand") including but not limited to Gomez's demand for damages, attorney's fees, interest and arbitration costs.

**B.  Discussion**

The factual findings that follow are necessary to the Final Award.  They are derived from evidence and exhibits presented throughout these proceedings. To the extent that these findings differ from any party's position, that is the result of determinations by the arbitrators as to credibility and relevance, burden of proof considerations, legal principles, and weighing of the evidence, both oral and written.

These proceedings were initiated by Gomez following the granting of Allied's Motion to Compel Arbitration in the United States District Court for the Southern District of Florida. In her Order, Judge Bloom wrote, "The parties shall **SUBMIT** to arbitration all claims asserted in this

1

matter in accordance with the arbitration provision in the underlying insurance policy, ECF No. [20-1]."[1] (Bold original, underline added.)

On or about May 29, 2020, Gomez submitted his Demand wherein he requested $4,924,637.61 "including accrued interest, plus attendant attorney's fees and costs." In his Demand Gomez stated,

> Claimant brings this Florida, common-law, third-party insurance bad faith claim against Respondent ("APIC") for its bad faith claim handling of a professional liability claim made against APIC's insured. The claim resulted in a judgment of $3,713,897.88 in favor of Claimant and against APIC's insured, in excess of the insured's $1M APIC policy. Claimant made multiple attempts to settle his claim within policy limits.

Thereafter, *Dr. Battillo* initiated a virtually identical claim against Allied claiming in his Demand for Arbitration,

> The insured brings this Florida, common-law, third-party insurance bad faith claim against Respondent ("APIC") for its bad faith claim handling of a professional liability claim made against him by Anibal Gomez. The claim resulted in a judgment of $3,713,897.88 in favor of Mr. Gomez and against Dr. Battillo (the insured) plus an award of attorney's fees and costs. Mr. Gomez made multiple attempts to settle his claim against Dr. Battillo within policy limits but APIC failed to settle Mr. Gomez's claim for the $1 mill (sic) APIC policy limits, resulting in an excess judgment.

The proceedings were then consolidated, and a Scheduling Conference was held on June 25, 2021. During the conference, counsel for all parties discussed the need for early resolution of the differing views of what state's substantive law would apply. It was Allied's position that California law should apply while both Claimants asserted Florida law should apply.

The panel agreed that early resolution of this important issue was in everyone's best interest. Consequently, it was agreed that the parties were to file cross-motions on the issue of choice of law on or before July 27, 2021 and that simultaneous responsive briefs would be due August 20, 2021. Oral argument on the motions was initially set for August 30, 2021 at 10:00 a.m. PST. Panel Chair Justice Stephen J. Kane (Ret.) confirmed the choice of law briefing and

---

[1] Exhibit H to Allied's *Memorandum of Points and Authorities In Support of The Underlying Policy's California Choice of Law Provision*.

argument schedule, as well as other matters discussed during the call, in an email to the panel, all counsel and the AAA later that day. Thereafter, a formal Scheduling Order was issued July 16, 2021.

In conformance their agreement and the panel's formal Scheduling Order, each side subsequently filed <u>extensive</u> briefing, exhibits and declarations supporting their respective positions concerning the law that should apply to the proceedings. Claimants filed a joint brief entitled "*Anthony W. Battillo, D.C. and Anibal Gomez's Joint Motion Regarding Choice Of Law,*" and Allied filed its *"Memorandum of Points And Authorities In Support of The Underlying Policy's California Choice Of Law Provision."*

Thereafter, counsel for Claimants filed, "*Anthony W. Battillo, D.C. And Anibal Gomez's Response To Memorandum of Points and Authorities In Support of The Underlying Policy's California Choice of Law Provision,*" and counsel for Allied filed "*Allied Professionals Insurance Company's Reply Memorandum of Points And Authorities In Support of The Underlying Policy's California Choice of Law Provision."*

Oral argument on the parties' cross-motions was heard September 3, 2021. All of the parties were represented by counsel at the hearing. Attorney Matthew T.Christ argued on behalf of Gomez, attorney Michal Meiler argued on behalf of Dr. Battillo, and Michael Kadish argued on behalf of Allied. Each side, Claimants and Respondent, were given thirty minutes to argue their respective positions. The panel questioned the attorneys, and the matter was submitted.

On September 7, 2021, after careful consideration of the arguments and evidence presented, for the reasons stated in its Order, the panel unanimously determined that "pursuant to the policy's choice of law provision, this arbitration proceeding shall be governed by the laws of the State of California."

Thereafter, on November 1, 2021, Dr. Battillo, through counsel, amended his claim against Allied. Dr. Battillo's amended claim now reads as follows,

> This is a bad faith failure to settle action under California Law brought by Dr. Battillo against his professional liability insurer, Allied Professionals Insurance Company ("APIC"). APIC breached its good faith duties to Dr. Battillo by, *inter alia,* failing to give at least as much consideration to the interests of its insured as

3

it gave to its own interests. APIC unreasonably failed to settle Anibal Gomez's bodily injury claim against Dr. Battillo for the policy limits, resulting in an excess judgment against its insured. The settlement opportunities presented by Mr. Gomez were reasonable, and APIC knew or should have known at the time it rejected those opportunities that the potential judgment against Dr. Battillo was likely to exceed the amount of the demand based on Mr. Gomez's injuries and Dr. Battillo's probable liability.

Neither Mr. Gomez nor his attorneys filed an amended Demand for Arbitration or any new or additional claim in this matter.

On November 2, 2021, a conference call was convened with the full panel present as well as counsel for each of the parties. The call was initiated at the request of Allied's counsel Michael Kadish to discuss Allied's desire to file a dispositive motion relative to Gomez's Demand.

During the November 2, 2021 call, Mr. Kadish informed the panel that in light of its decision of September 7, 2021 that the substantive law of California applies to the parties' claims, he called Fred Cunningham, counsel for Gomez, and requested that Gomez voluntarily dismiss with prejudice his claims against Allied. Mr. Kadish further informed the panel that although Mr. Cunningham agreed that under California law his client no viable legal claim against Allied, Gomez would not *voluntarily* dismiss with prejudice the Demand.

During the November 2, 2021 conference call, Mr. Cunningham agreed with the sum and substance of his telephone conversation with Mr. Kadish and acknowledged to the panel that his client Gomez does in fact have no viable legal claim against Allied under California law.

In light of Mr. Cunningham's admissions and the parties' discussions with the panel, the panel decided that Allied's request to file a dispositive motion relative to Gomez's Demand was warranted and that such a motion was likely to succeed and would expediate resolution of Gomez's Demand. It was therefore agreed by counsel and ordered by the panel that Allied had until November 8, 2021 to file a dispositive motion by way of a letter brief, and that counsel for Gomez would have until November 15, 2021 to serve a letter brief in opposition - if he so chose. The panel would consider the matter submitted for decision at the end of the day on November 15, 2021.

Rule 33 of the American Arbitration Association's Commercial Arbitration Rules and Mediation procedures states,

R-33. Dispositive Motions

The arbitrator may allow the filing of and make rulings upon a dispositive motion only if the arbitrator determines that the moving party has shown that the motion is likely to succeed and dispose of or narrow the issues in the case

Here, Gomez brings a common-law, third-party insurance bad faith claim against Allied for its purported bad faith handling of Gomez's underlying negligence action against Dr. Battillo. However, it is well-settled law that an insurer's duty of good faith and fair dealing arises from the insurance contract itself and runs to the insured (the contracting party) and not to third parties like Gomez. *See*, *Kransco v. Am. Empire Surplus Lines Ins. Co.,* 23 Cal.4th 39, 400–01 (2000); *Murphy v. Allstate Ins. Co.,* 17 Cal.3d 937, 941-44 (1976). Moreover, no such duty can be implied in favor of a third-party claimant because the claimant is a "stranger" to the contract. *See also, Pacific Pines Racquet Club Owners Ass'n v. Maxum Indem. Co.*, 2011 WL 26805111, *2 (S.D. Cal. July 8, 2011) (noting that an insurer's duty of good faith and fair dealing does not extend to third parties); *Maxwell v. Fire Ins. Exch.,* 60 Cal.App. 4th 1446, 1452 (1998) (affirming trial court's grant of summary judgment in favor of insurer on third-party's bad faith claim.) Accord, *Austero v. National Cas. Co. of Detroit,Mich.*, 62 Cal.App.3d 511, 516-517 (1976) ("[L]iability for 'bad faith' has been strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship. Where no such relationship exists, no recovery for 'bad faith' may be had … [Thus], an insurer's duty of good faith and fair dealing is owed solely to its insured…."); California Practice Guide: Insurance Litigation Ch. 12A-A ("The Rutter Group") §12:7 ("[T]he cause of action for breach of the implied covenant *belongs to the insured*—not the third party. The implied covenant can be enforced directly only by (and against) a party to the contract.")

Given that:

1. The Demand filed by Gomez only contains a single, third-party bad faith claim against Allied;

2. On September 7, 2021, the panel unanimously determined that "pursuant to the policy's choice of law provision, this arbitration proceeding shall be governed by the laws of the State of California";

3. Gomez has not amended his Demand to assert any new, additional or alternative claims against Allied; and

4. Gomez admits that under California law, he has no viable legal claim against Allied,

Allied is entitled to an Award in its favor as a matter of law.

**C.  Final Award**

Allied is entitled to an award in its favor on Gomez's Demand as there are no triable issues of material fact in dispute, and the Demand fails to state facts sufficient to constitute a cause of action against Allied.

Allied's Dispositive Motion is GRANTED. Gomez shall take nothing against Allied by virtue of his Demand or otherwise.

Pursuant to Rule 47, the panel awards Allied $12,166.67, said sum representing one-half of the AAA fees and expenses and one-half of all arbitrator compensation paid by Allied related to this matter. Payment is to be made by Gomez to Allied within thirty days of this Award.

This Final Award resolves all claims and counter claims submitted by Gomez and Allied. All claims and counterclaims not specifically addressed in this Final Arbitration Award are DENIED.

DATED: _____, 2021

_____
Justice Stephen J. Kane (Ret.)
Arbitrator, Chair

_____
Hon. Christopher Skelly
Arbitrator

_____
Eric Dobberstein
Arbitrator