COMMERCIAL

# Commercial
Arbitration Rules and Mediation Procedures

**Including Procedures for Large, Complex Commercial Disputes**



AMERICAN ARBITRATION ASSOCIATION®

Available online at **adr.org/commercial**

Rules Amended and Effective October 1, 2013
Fee Schedule Amended and Effective July 1, 2016

## Regional Vice Presidents

**States: Delaware, District of Columbia, Maryland, New Jersey, Pennsylvania, Virginia**
P. Jean Baker, Esq.
Vice President
Phone: 202.223.7093
Email: BakerJ@adr.org

**States: Oklahoma, Texas**
Andrew Barton
Vice President
Phone: 210.998.5750
Email: BartonA@adr.org

**States: Alabama, Georgia**
John M. Bishop
Vice President
Phone: 404.320.5150
Email: BishopJ@adr.org

**States: City of Houston, Louisiana, Mississippi**
Ingeuneal C. Gray, Esq.
Vice President
Phone: 832.308.7893
Email: GrayI@adr.org

**States: Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Vermont**
Karen Jalkut
Vice President
Phone: 617.695.6062
Email: JalkutK@adr.org

**States: Alaska, California, Hawaii, Oregon, Washington**
Serena K. Lee, Esq.
Vice President
Phone: 415.671.4053
Email: LeeS@adr.org

**States: Indiana, Kentucky, North Carolina, Ohio, South Carolina, Tennessee, West Virginia**
Michelle M. Skipper
Vice President
Phone: 704.643.8605
Email: SkipperM@adr.org

**States: Florida**
Rebecca Storrow, Ph.D.
Vice President
Phone: 954.372.4341
Email: StorrowR@adr.org

**States: Arizona, Colorado, Kansas, Idaho, Montana, Nebraska, Nevada, New Mexico, Utah, Wyoming**
Lance K. Tanaka
Vice President
Phone: 303.831.0824
Email: TanakaL@adr.org

**States: Arkansas, Illinois, Iowa, Michigan, Minnesota, Missouri, North Dakota, South Dakota, Wisconsin**
A. Kelly Turner, Esq.
Vice President
Phone: 312.361.1116
Email: TurnerK@adr.org

**States: New York**
Jeffrey T. Zaino, Esq.
Vice President
Phone: 212.484.3224
Email: ZainoJ@adr.org

## Case Management Vice Presidents and Assistant Vice Presidents

Jeffrey Garcia
Vice President
Phone: 559.490.1860
Email: GarciaJ@adr.org
**Administers cases in: AK, AZ, AR, CA, CO, HI, ID, IL, IA, KS, LA, MN, MS, MO, MT, NE, NV, NM, ND, OK, OR, SD, TX, UT, WA, WI, WY**

John M. Bishop
Vice President
Phone: 404.320.5150
Email: BishopJ@adr.org
**Administers cases in: AL, DC, FL, GA, IN, KY, MD, NC, OH, SC, TN, VA**

Yvonne Baglini
Assistant Vice President
Phone: 866.293.4053
Email: BagliniY@adr.org
**Administers cases in: CT, DE, MA, ME, MI, NH, NJ, NY, PA, RI, VT, WV**

# Table of Contents

Important Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
Standard Arbitration Clause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8
Administrative Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8
Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8
Large, Complex Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Commercial Arbitration Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10
    R-1. Agreement of Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10
    R-2. AAA and Delegation of Duties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
    R-3. National Roster of Arbitrators. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
    R-4. Filing Requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
    R-5. Answers and Counterclaims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12
    R-6. Changes of Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
    R-7. Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
    R-8. Interpretation and Application of Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14
    R-9. Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14
    R-10. Administrative Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14
    R-11. Fixing of Locale . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14
    R-12. Appointment from National Roster . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15
    R-13. Direct Appointment by a Party. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16
    R-14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties. . . . . . .16
    R-15. Nationality of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17
    R-16. Number of Arbitrators. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17
    R-17. Disclosure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17
    R-18. Disqualification of Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18
    R-19. Communication with Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18
    R-20. Vacancies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19
    R-21. Preliminary Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19
    R-22. Pre-Hearing Exchange and Production of Information . . . . . . . . . . . . . . . . . . . . .19
    R-23. Enforcement Powers of the Arbitrator. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20
    R-24. Date, Time, and Place of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .20
    R-25. Attendance at Hearings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21
    R-26. Representation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21
    R-27. Oaths . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

R-28. Stenographic Record...................................................21

R-29. Interpreters..........................................................22

R-30. Postponements......................................................22

R-31. Arbitration in the Absence of a Party or Representative......................22

R-32. Conduct of Proceedings...............................................22

R-33. Dispositive Motions...................................................23

R-34. Evidence............................................................23

R-35. Evidence by Written Statements and Post-Hearing Filing of Documents or Other Evidence.............................................................23

R-36. Inspection or Investigation............................................24

R-37. Interim Measures....................................................24

R-38. Emergency Measures of Protection....................................24

R-39. Closing of Hearing...................................................25

R-40. Reopening of Hearing................................................26

R-41. Waiver of Rules.....................................................26

R-42. Extensions of Time..................................................26

R-43. Serving of Notice and Communications................................26

R-44. Majority Decision...................................................27

R-45. Time of Award......................................................27

R-46. Form of Award......................................................27

R-47. Scope of Award.....................................................28

R-48. Award Upon Settlement—Consent Award..............................28

R-49. Delivery of Award to Parties..........................................28

R-50. Modification of Award...............................................28

R-51. Release of Documents for Judicial Proceedings.........................29

R-52. Applications to Court and Exclusion of Liability.........................29

R-53. Administrative Fees.................................................29

R-54. Expenses..........................................................29

R-55. Neutral Arbitrator's Compensation....................................30

R-56. Deposits..........................................................30

R-57. Remedies for Nonpayment...........................................30

R-58. Sanctions..........................................................31

Preliminary Hearing Procedures ................................................32
   P-1. General ..............................................................32
   P-2. Checklist ............................................................32

Expedited Procedures .........................................................34
   E-1. Limitation on Extensions ...........................................34
   E-2. Changes of Claim or Counterclaim ..................................34
   E-3. Serving of Notices .................................................34
   E-4. Appointment and Qualifications of Arbitrator .......................34
   E-5. Exchange of Exhibits ...............................................35
   E-6. Proceedings on Documents and Procedures for the Resolution of Disputes Through Document Submission .......................35
   E-7. Date, Time, and Place of Hearing ...................................36
   E-8. The Hearing .......................................................36
   E-9. Time of Award .....................................................36
   E-10. Arbitrator's Compensation ........................................36

Procedures for Large, Complex Commercial Disputes .......................37
   L-1. Administrative Conference ........................................37
   L-2. Arbitrators.........................................................37
   L-3. Management of Proceedings .......................................38

Administrative Fee Schedules (Standard and Flexible Fees) ..................38

Commercial Mediation Procedures ..........................................39
   M-1. Agreement of Parties .............................................39
   M-2. Initiation of Mediation ............................................39
   M-3. Representation ..................................................39
   M-4. Appointment of the Mediator ......................................40
   M-5. Mediator's Impartiality and Duty to Disclose ......................40
   M-6. Vacancies........................................................41
   M-7. Duties and Responsibilities of the Mediator .......................41
   M-8. Responsibilities of the Parties ....................................42
   M-9. Privacy ..........................................................42
   M-10. Confidentiality..................................................42
   M-11. No Stenographic Record .........................................43

M-12. Termination of Mediation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .43

M-13. Exclusion of Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .43

M-14. Interpretation and Application of Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . .43

M-15. Deposits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .43

M-16. Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .44

M-17. Cost of the Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .44

### R-29. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

### R-30. Postponements

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

### R-31. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of an award.

### R-32. Conduct of Proceedings

**(a)** The claimant shall present evidence to support its claim. The respondent shall then present evidence to support its defense. Witnesses for each party shall also submit to questions from the arbitrator and the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

**(b)** The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

**(c)** When deemed appropriate, the arbitrator may also allow for the presentation of evidence by alternative means including video conferencing, internet communication, telephonic conferences and means other than an in-person presentation. Such alternative means must afford a full opportunity for all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and, when involving witnesses, provide an opportunity for cross-examination.

**(d)** The parties may agree to waive oral hearings in any case and may also agree to utilize the Procedures for Resolution of Disputes Through Document Submission, found in Rule E-6.

### R-33. Dispositive Motions

The arbitrator may allow the filing of and make rulings upon a dispositive motion only if the arbitrator determines that the moving party has shown that the motion is likely to succeed and dispose of or narrow the issues in the case.

### R-34. Evidence

**(a)** The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. Conformity to legal rules of evidence shall not be necessary. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any of the parties is absent, in default, or has waived the right to be present.

**(b)** The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant.

**(c)** The arbitrator shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and client.

**(d)** An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

### R-35. Evidence by Written Statements and Post-Hearing Filing of Documents or Other Evidence

**(a)** At a date agreed upon by the parties or ordered by the arbitrator, the parties shall give written notice for any witness or expert witness who has provided a written witness statement to appear in person at the arbitration hearing for examination. If such notice is given, and the witness fails to appear, the arbitrator may disregard the written witness statement and/or expert report of the witness or make such other order as the arbitrator may consider to be just and reasonable.

**(b)** If a witness whose testimony is represented by a party to be essential is unable or unwilling to testify at the hearing, either in person or through electronic or other means, either party may request that the arbitrator order the witness to appear in person for examination before the arbitrator at a time and location where the witness is willing and able to appear voluntarily or can legally be compelled to do so. Any such order may be conditioned upon payment by the requesting party of all reasonable costs associated with such examination.

**(c)** If the parties agree or the arbitrator directs that documents or other evidence be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded an opportunity to examine and respond to such documents or other evidence.

### R-36. Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time and the AAA shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

### R-37. Interim Measures

**(a)** The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

**(b)** Such interim measures may take the form of an interim award, and the arbitrator may require security for the costs of such measures.

**(c)** A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

### R-38. Emergency Measures of Protection

**(a)** Unless the parties agree otherwise, the provisions of this rule shall apply to arbitrations conducted under arbitration clauses or agreements entered on or after October 1, 2013.

**(b)** A party in need of emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile or e-mail or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.

**(c)** Within one business day of receipt of notice as provided in section (b), the AAA shall appoint a single emergency arbitrator designated to rule on emergency applications. The emergency arbitrator shall immediately disclose any circumstance likely, on the basis of the facts disclosed on the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

(d) The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such a schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceeding by telephone or video conference or on written submissions as alternatives to a formal hearing. The emergency arbitrator shall have the authority vested in the tribunal under Rule 7, including the authority to rule on her/his own jurisdiction, and shall resolve any disputes over the applicability of this Rule 38.

(e) If after consideration the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparable loss or damage shall result in the absence of emergency relief, and that such party is entitled to such relief, the emergency arbitrator may enter an interim order or award granting the relief and stating the reason therefore.

(f) Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel. The emergency arbitrator shall have no further power to act after the panel is constituted unless the parties agree that the emergency arbitrator is named as a member of the panel.

(g) Any interim award of emergency relief may be conditioned on provision by the party seeking such relief for appropriate security.

(h) A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with this rule, the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in this rule and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

(i) The costs associated with applications for emergency relief shall initially be apportioned by the emergency arbitrator or special master, subject to the power of the tribunal to determine finally the apportionment of such costs.

### R-39. Closing of Hearing

(a) The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

(b) If documents or responses are to be filed as provided in Rule R-35, or if briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If no documents, responses, or briefs are to be filed, the arbitrator shall declare the hearings closed as of the date of the last hearing (including telephonic hearings). If the case was heard without any oral hearings, the arbitrator shall close the hearings upon the due date established for receipt of the final submission.

(c) The time limit within which the arbitrator is required to make the award shall commence, in the absence of other agreements by the parties, upon the closing of the hearing. The AAA may extend the time limit for rendering of the award only in unusual and extreme circumstances.

### R-40. Reopening of Hearing

The hearing may be reopened on the arbitrator's initiative, or by the direction of the arbitrator upon application of a party, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed to by the parties in the arbitration agreement, the matter may not be reopened unless the parties agree to an extension of time. When no specific date is fixed by agreement of the parties , the arbitrator shall have 30 calendar days from the closing of the reopened hearing within which to make an award (14 calendar days if the case is governed by the Expedited Procedures).

### R-41. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.

### R-42. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these rules, except the time for making the award. The AAA shall notify the parties of any extension.

### R-43. Serving of Notice and Communications

(a) Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

(b) The AAA, the arbitrator and the parties may also use overnight delivery or electronic facsimile transmission (fax), or electronic (e-mail) to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by e-mail or other methods of communication.

**(c)** Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

**(d)** Unless otherwise instructed by the AAA or by the arbitrator, all written communications made by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

**(e)** Failure to provide the other party with copies of communications made to the AAA or to the arbitrator may prevent the AAA or the arbitrator from acting on any requests or objections contained therein.

**(f)** The AAA may direct that any oral or written communications that are sent by a party or their representative shall be sent in a particular manner. The failure of a party or their representative to do so may result in the AAA's refusal to consider the issue raised in the communication.

### R-44. Majority Decision

**(a)** When the panel consists of more than one arbitrator, unless required by law or by the arbitration agreement or section (b) of this rule, a majority of the arbitrators must make all decisions.

**(b)** Where there is a panel of three arbitrators, absent an objection of a party or another member of the panel, the chairperson of the panel is authorized to resolve any disputes related to the exchange of information or procedural matters without the need to consult the full panel.

### R-45. Time of Award

The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 calendar days from the date of closing the hearing, or, if oral hearings have been waived, from the due date set for receipt of the parties' final statements and proofs.

### R-46. Form of Award

**(a)** Any award shall be in writing and signed by a majority of the arbitrators. It shall be executed in the form and manner required by law.

**(b)** The arbitrator need not render a reasoned award unless the parties request such an award in writing prior to appointment of the arbitrator or unless the arbitrator determines that a reasoned award is appropriate.

### R-47. Scope of Award

**(a)** The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract.

**(b)** In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards. In any interim, interlocutory, or partial award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such award as the arbitrator determines is appropriate.

**(c)** In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-53, R-54, and R-55. The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.

**(d)** The award of the arbitrator(s) may include:

   **i.** interest at such rate and from such date as the arbitrator(s) may deem appropriate; and

   **ii.** an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement.

### R-48. Award Upon Settlement—Consent Award

**(a)** If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "consent award." A consent award must include an allocation of arbitration costs, including administrative fees and expenses as well as arbitrator fees and expenses.

**(b)** The consent award shall not be released to the parties until all administrative fees and all arbitrator compensation have been paid in full.

### R-49. Delivery of Award to Parties

Parties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at their last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

### R-50. Modification of Award

Within 20 calendar days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the AAA, to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other

parties shall be given 10 calendar days to respond to the request. The arbitrator shall dispose of the request within 20 calendar days after transmittal by the AAA to the arbitrator of the request and any response thereto.

### R-51. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party to the arbitration, furnish to the party, at its expense, copies or certified copies of any papers in the AAA's possession that are not determined by the AAA to be privileged or confidential.

### R-52. Applications to Court and Exclusion of Liability

(a) No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

(b) Neither the AAA nor any arbitrator in a proceeding under these rules is a necessary or proper party in judicial proceedings relating to the arbitration.

(c) Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

(d) Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

(e) Parties to an arbitration under these rules may not call the arbitrator, the AAA, or AAA employees as a witness in litigation or any other proceeding relating to the arbitration. The arbitrator, the AAA and AAA employees are not competent to testify as witnesses in any such proceeding.

### R-53. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe administrative fees to compensate it for the cost of providing administrative services. The fees in effect when the fee or charge is incurred shall be applicable. The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award. The AAA may, in the event of extreme hardship on the part of any party, defer or reduce the administrative fees.

### R-54. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and

the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

### R-55. Neutral Arbitrator's Compensation

(a) Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation.

(b) If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

(c) Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

### R-56. Deposits

(a) The AAA may require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee, if any, and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case.

(b) Other than in cases where the arbitrator serves for a flat fee, deposit amounts requested will be based on estimates provided by the arbitrator. The arbitrator will determine the estimated amount of deposits using the information provided by the parties with respect to the complexity of each case.

(c) Upon the request of any party, the AAA shall request from the arbitrator an itemization or explanation for the arbitrator's request for deposits.

### R-57. Remedies for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment.

(a) Upon receipt of information from the AAA that payment for administrative charges or deposits for arbitrator compensation have not been paid in full, to the extent the law allows, a party may request that the arbitrator take specific measures relating to a party's non-payment.

(b) Such measures may include, but are not limited to, limiting a party's ability to assert or pursue their claim. In no event, however, shall a party be precluded from defending a claim or counterclaim.

**(c)** The arbitrator must provide the party opposing a request for such measures with the opportunity to respond prior to making any ruling regarding the same.

**(d)** In the event that the arbitrator grants any request for relief which limits any party's participation in the arbitration, the arbitrator shall require the party who is making a claim and who has made appropriate payments to submit such evidence as the arbitrator may require for the making of an award.

**(e)** Upon receipt of information from the AAA that full payments have not been received, the arbitrator, on the arbitrator's own initiative or at the request of the AAA or a party, may order the suspension of the arbitration. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

**(f)** If the arbitration has been suspended by either the AAA or the arbitrator and the parties have failed to make the full deposits requested within the time provided after the suspension, the arbitrator, or the AAA if an arbitrator has not been appointed, may terminate the proceedings.

### R-58. Sanctions

**(a)** The arbitrator may, upon a party's request, order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator. In the event that the arbitrator enters a sanction that limits any party's participation in the arbitration or results in an adverse determination of an issue or issues, the arbitrator shall explain that order in writing and shall require the submission of evidence and legal argument prior to making of an award. The arbitrator may not enter a default award as a sanction.

**(b)** The arbitrator must provide a party that is subject to a sanction request with the opportunity to respond prior to making any determination regarding the sanctions application.