UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-24994-BB

| | |
|---|---|
| ANIBAL GOMEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIED PROFESSIONALS INSURANCE COMPANY, A RISK RETENTION GROUP, INC., an Arizona corporation,<br><br>Defendant. | **DEFENDANT ALLIED PROFESSIONALS INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT** |

### THIS COURT HAS JURISDICTION TO CONFIRM THE ARBITRATION AWARD AND ENTER JUDGMENT IN CONFORMITY THEREWITH

In Section C of Plaintiff's opposition brief [Dkt. 51], Plaintiff argues that this Court lacks jurisdiction under 9 U.S.C. § 9 to confirm the subject award and enter judgment thereon. Not only is Plaintiff's legal analysis faulty, but also is contrary to the legal authorities and arguments advanced by him in his earlier Motion to Reopen the Case [Dkt. 31].

Section 9 of the FAA requires Federal Courts to confirm arbitral awards. It provides in pertinent part as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration....then at any time within one year after the award is

> made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

Thus, where a court is empowered to order a case to arbitration, as it did here, it is also vested with the authority to confirm the award and enter judgment accordingly. *Marine Transit Corporation v. Dreyfus*, 284 U.S. 263 52 S. Ct. 166, 170 (1932); *Booth v. Hume Publishing*, 902 F.2d 905 (11th Cir. 1990); *T&R Enterprises v. Continental Grain Co*, 613 F.2d 1272, 1278-79 (5th Cir. 1980). See also, *Procraft of South Florida, LLC v. Kryton Corp., Inc.*, 2006 WL 8445957, at *2, (S.D. Fla., Jan. 20, 2006, No. 03-80975-CIV); *Collins v. D.R. Horton, Inc.*, 361 F.Supp.2d 1085, 1091 (D. Ariz. 2005) (once a court obtains jurisdiction in an action and enters an order compelling arbitration, that court retains jurisdiction with respect to subsequent motions to confirm or vacate), citing *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 705 (2d Cir.1985); *T & R Enter. supra, 613 F.2d 905*; *Allen Group, Inc. v. Allen Deutschland GMBH,* 877 F.Supp. 395, 399 (W.D.Mich. 1994); *Tesoro Petroleum Corp. v. Asamera,* 798 F.Supp. 400, 403 (W.D.Tex.1992).

Moreover, contrary to Plaintiff's contention otherwise, the arbitration agreement is not silent on where confirmation may be had. Here, the parties' arbitration agreement specifies that the arbitration was to be governed by the Commercial Rules of the American Arbitration Association[1], including Rule 52 (c) which states, "Parties to an arbitration under these rules shall be

---

[1] See, Exhibit "B" Policy, at § V.C.

deemed to have consented that judgment upon the arbitration award may be entered in ***any federal or state court having jurisdiction thereof***[.]" (Emphasis added.) Since, this Court has jurisdiction over the parties and issued the order compelling the underlying arbitration, the Court has jurisdiction to confirm the Award and enter judgment thereon. *Booth v. Hume Pub., Inc., supra* 902 F.2d at 930; *International Broth. Of Elec. Workers, Local Union 824 v. Verizon Florida, LLC*, 803 F.3d 1241, 1248 (11th Cir. 2015), citing *Idea Nova v. GM Licensing*, 617 F.3d 177 (2nd Cir. 2010) (holding that incorporation of AAA rules was equivalent of consenting to judicial confirmation); *Qorvis Communications, LLC v. Wilson*, 549 F.3d 303, 311(4th Cir. 2008).

Finally, Plaintiff conveniently forgets that in filing his Motion to Reopen the Case [Dkt. 31], he in fact argued that this Court had jurisdiction to "enforce, ***confirm*** modify or vacate an arbitrator's award or 'consider a conflict of law' governing the arbitration." (Emphasis added.) See, Dkt. 31 at 2, *citing*, *Sewell v. Waitr Holding, Inc.* No. 2:19-CV-00698, 2020 WL 208929, at *7 (W.D. La. Jan. 13, 2020).

In short, Plaintiff is simply wrong. This Court has jurisdiction over the parties and proceedings, is able to confirm the Award and enter judgment thereon. It should do both acts immediately and without hesitancy.

### PLAINTIFF'S CONTENTION THAT NO ARBITRATION "AWARD" WAS EVER ENTERED AGAINST IT IS PREPOSTEROUS; NO MAGIC LANGUAGE IS REQUIRED FOR A COURT'S CONFIRMATION OF AN <u>ARBITRATION PANEL'S DECISION</u>

In his opposition brief, Plaintiff argues that no arbitration award was ever entered against it, that the award is "nonexistent" and that the panel's "Order" granting summary judgment against Plaintiff cannot be confirmed by this Court.

(Dkt. 31 at 1, 2, 3-5.) As with Plaintiff's jurisdictional argument above, Plaintiff is simply wrong.

No "magic" language need be utilized by an arbitration panel to have its decision(s) be confirmed as a judgment of the Court. The fact this panel used the word "Order" rather than "Award" is of no significance. See, *Vital Pharmaceuticals v. PepsiCo, Inc.* 528 F.Supp.3d 1304, 1308 (S.D. Fla. 2020) (beverage distributor was entitled to confirmation of arbitrator's emergency "order" enjoining manufacturer from selling to distributor's customers); *Harper v. Charter Communications, LLC* (E.D. Cal., Aug. 6, 2019, No. 219CV00902WBSDMC) 2019 WL 3683706, at *5 (arbitration award did not serve as a preparation or a basis for further decisions by the arbitrator and has finally and conclusively disposed of a separate and independent claim and therefore may be confirmed, *citing Glob. Gold Min. LLC v. Caldera Res., Inc.*, 941 F. Supp. 2d 374, 383 (S.D.N.Y. 2013).

Moreover, the Court already addressed this issue finding the panel's "Order" granting summary judgment in Allied's favor is the equivalent of an "Award" in Allied's favor.

> Upon review of the record and consideration of the parties' briefings, the Court agrees with Defendant that **Plaintiff's Motion to Reopen is tantamount to a motion to vacate the arbitration panel's** determination that California law applies to Plaintiff's common law bad faith claim ***and subsequent grant***

*of summary judgment in Defendant's favor*. See ECF No. [31-1]; ECF No. [36- 5]. **A motion to vacate, however, is not a mechanism to appeal or otherwise challenge the merits of a dispute conclusively determined in arbitration.** Indeed, Congress carefully circumscribed the narrow and exclusive grounds for vacatur to prevent arbitration from becoming "merely a prelude to a more cumbersome and time-consuming judicial review process." (Citations and footnote omitted.) Thus, on a motion to vacate an arbitration award under 9 U.S.C. § 10(a), a district court "may revisit neither the legal merits of the award nor the factual determinations upon which it relies." *Wiand v. Schneiderman*, 778 F.3d 917, 926 (11th Cir. 2015) (finding the "entire argument for vacatur is based on the weight of the evidence presented, and that is simply beyond this court's—or the district court's—power to review")….

**Here, Plaintiff has failed to present any evidence or legal argument that the arbitration panel's** choice of law decision <u>**and subsequent award in Defendant's favor must be vacated**</u>. Indeed, upon review of the parties' submissions, it is apparent to the Court that the parties provided the arbitration panel with extensive briefing on the choice of law issue and presented their respective positions at oral argument. ECF No. [31-2]; ECF No. [36-2]; ECF No. [36-3]; *see also* ECF No. [36-1]. The arbitration panel then issued a detailed ruling explaining its determination as to why California law governs the arbitration proceedings. ECF No. [31-1]. While Plaintiff may not agree with the arbitration panel's determination and ultimate grant of summary judgment in Defendant's favor, that is not a sufficient basis for vacatur.[6] (Citations and subsequent footnote omitted.)

> [6] Plaintiff maintains that the arbitration panel failed to adjudicate his common law bad faith claim on the merit. **However, the Court disagrees with Plaintiff's characterization of the proceedings**. Indeed, while the arbitration panel did not address the factual sufficiency of Plaintiff's bad faith claim, it determined that Plaintiff's claim failed as a matter of law under well-established California precedent. ECF No. [36-5].

(Emphasis added.) Dkt. 41 at 7-9 *Omnibus Order on Plaintiff's Motion to Reopen and Defendant's Motion for Sanctions*.

Irrespective of the "Order" versus "Award" nomenclature utilized by the arbitration panel, all of Plaintiff's claim(s) against Allied were resolved by arbitration and Allied is entitled to have that decision confirmed by the Court and a judgment entered in its favor in accordance therewith.

### WHILE STRICTLY SPEAKING COURTS ARE NOT MANDATED" TO CONFIRM ARBITRATION AWARDS, IN THE ABSENCE OF A MERITORIOUS MOTION TO CORRECT, MODIFY OR VACATE SUCH AN AWARD, COURTS ARE REQUIRED <u>TO CONFIRM THEM UPON REQUEST</u>

As discussed in Allied's moving papers, the FAA "imposes a heavy presumption in favor of confirming arbitration awards." *Riccard v. Prudential Ins. Co.*, 307 F.3d, 1277, 1288 (11th Cir. 2002). In fact, judicial confirmation of an arbitration award is ***required*** in the absence of an order modifying or vacating the award.  The Court lacks discretion to take any action other than confirmation absent such a ruling.  *See*, *Cullen v. Paine, Webber,* 863 F.3d 851, 854 (11th Cir. 1989) ("confirmation can only be denied if an award has been corrected, vacated or modified in accordance with the Federal Arbitration Act."); *Booth v Hume*, *supra*, 902 F.2d at 932.

In this case, there is no conceivable basis upon which the Court might grant a motion to correct, vacate, or modify the arbitral Award. Moreover, not only did the Court treat (and deny) Plaintiff's Motion to Reopen the case as a motion to vacate the award, but just as importantly, even if the Court had not,

the time in which Plaintiff had to file such a motion has now expired. *See*, *McLaurin v. Terminix International Company, LP*,  13 F.4th 1232, 1238 (11th Cir. 2021) (if three-month deadline for the losing party to file a motion to vacate, modify, or change the award passes, "then the losing party will be unable to defend against a later-filed motion for confirmation on any grounds set out in Section 10 or Section 11") c*iting*,  *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F. 2d 851, 854 (11th Cir. 1989) ("[T]he failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the [FAA] bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the [FAA] to confirm the award.")

Here, other than his Motion to Reopen the case, Plaintiff did not file any formal motion to correct, vacate or modify the Panel's Award within three months of its entry. 9 U.S.C. §§ 10 and 11 (establishing three-month time period.) Additionally, as noted above, the Court treated Gomez's November 10, 2021 Motion To Reopen The Case as "tantamount to a motion to vacate the arbitration panel's determination that California law applies to Plaintiff's common law bad faith claim *and subsequent grant of summary judgment in Defendant's favor*" [Dkt.46 at 7] and denied the same. (Dkt.46)

Under the facts presented, this Court must confirm the arbitration award and enter judgment in Allied's favor in conformity therewith.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court:

A.   Confirm the arbitral Award and enter judgment in favor of Defendant Allied Professionals Insurance Company, A Risk Retention Group, Inc. and against Defendant Anibal Gomez; and

B.     Reserve jurisdiction for the Court to rule on applications for attorney's fees and for taxation of costs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the CM/ECF service and/or by Electronic Mail on all counsel or parties of record on the Service List below this this 20th day of December 2022.

>LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
>150 W. Flagler Street, Suite 2600
>Miami, FL 33130
>Telephone:  (305) 377-8900
>Facsimile:   (305) 377-8901
>
>By:     /s/ *Scott D. Kirschbaum*
>SCOTT D. KIRSCHBAUM
>Florida Bar No. 954489
>SKirschbaum@insurancedefense.net
>Attorneys for Defendant

***Attorney for Plaintiff***
Matthew T. Christ
Domnick Cunningham & Whalen
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, Florida 33410
Phone: (561) 625-6260
Fax: (561) 625-6269
MTC@dcwlaw.com
EService@dcwlaw.com
TLebel@dcwlaw.com