UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-24994-BLOOM

ANIBAL GOMEZ,

    Plaintiff,

v.

ALLIED PROFESSIONALS
INSURANCE COMPANY,

    Defendant.
_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Defendant Allied Professionals Insurance Company's ("Allied") Motion to Confirm Arbitration Award and for Entry of Judgment (ECF No. 48). The matter has been referred to the undersigned by the Honorable Beth Bloom, United States District Judge, for a Report and Recommendations. (ECF No. 52). Having reviewed the Motion, Response, Reply, and the docket as a whole, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Confirm Arbitration Award and for Entry of Judgment be **GRANTED**.

**I.     BACKGROUND**

This dispute arises from an arbitration between Plaintiff Anibal Gomez and Defendant Allied in the aftermath of Plaintiff's successful malpractice claim against Defendant's insured, Dr. Battillo. After obtaining judgment against Dr. Battillo in excess of Defendant's policy limits, Plaintiff filed a third-party action against Defendant in Florida state court alleging that Defendant had refused in bad faith to settle Plaintiff's malpractice suit within the policy limits. (ECF No. 48 at ¶¶ 9, 10). Defendant removed the case to this Court based on diversity jurisdiction (ECF No.

1). Defendant then successfully moved this Court to compel arbitration pursuant to the Federal Arbitration Act ("FAA") and the arbitration clause of Dr. Battillo's insurance policy. (ECF No. 48 at ¶¶ 12–14). Accordingly, on May 6, 2020, this Court stayed this case pending resolution of the arbitration and administratively closed the case (ECF No. 27).

The Parties then commenced arbitration before the American Arbitration Association ("AAA"). On the Parties' joint request, the panel of selected arbitrators (the "Arbitration Panel") ordered briefing on the issue of choice of law: Plaintiff argued that Florida law governs the dispute between the Parties, and Defendant argued that California law applies. Importantly, Florida law recognizes a common law third-party bad faith claim against an insurer, whereas California law does not. *Macola v. Gov't Emps. Ins.*, 953 So. 2d 451, 455 (Fla. 2006); *Coleman v. Republic Indem. Ins.*, 33 Cal. Rptr. 3d 744, 748 (Cal. Ct. App. 2005). The Arbitration Panel agreed with Defendant: California law applied. (ECF No. 48 at 27–29). Defendant then filed with the Arbitration Panel a motion for summary judgment wherein it additionally requested that Plaintiff pay Defendant's half of the AAA fees and expenses and arbitrator's compensation. (*Id.* at ¶¶ 19, 22). Plaintiff's response stated that Plaintiff "[did] not oppose entry of a Final Award in Allied's favor," but Plaintiff did oppose Defendant's request that Plaintiff pay the AAA fees and expenses and arbitrator's compensation. (*Id.* at ¶ 22). While Defendant's motion for summary judgment was pending before the Arbitration Panel, Plaintiff also moved this Court to reopen the case or, in the alternative, determine which state's law should govern the arbitration (ECF No. 31). On November 18, 2021, the Arbitration Panel held that California law did not recognize Plaintiff's claim and issued an *order* granting summary judgment in favor of Defendant, stating, in part:

> Allied's motion to have judgment entered in its favor against Gomez is granted.
> The administrative fees and expenses of the AAA and the compensation of the arbitrators are to be borne as incurred.
> This Order is in full settlement of all claims and counterclaims submitted to this

>     Arbitration . . . .

(ECF No. 48 at 13).

This Court construed Plaintiff's Motion to Reopen as "tantamount to a motion to vacate" the Arbitration Panel's ruling on choice of law and subsequent grant of summary judgment. (ECF No. 46 at 7). Plaintiff's Motion was denied.

Defendant now moves this Court to confirm what Defendant argues is the Arbitration Panel's *award* in Defendant's favor and to enter judgment. Plaintiff argues in response that the Arbitration Panel never entered an *award* in Defendant's favor, only an *order* limited to granting summary judgment.

## II. DISCUSSION

The FAA sets forth certain threshold requirements that must be satisfied before a district court can entertain a petition for enforcement of an arbitration award. *See* 9 U.S.C. § 9. First, the party seeking confirmation of the award must do so within one year of the date the award was made. *Id.* Second, because the FAA does not confer subject matter jurisdiction upon district courts, the district court must have an independent basis for jurisdiction. *See Vital Pharms. v. PepsiCo, Inc.*, 528 F. Supp. 3d 1304, 1307–08 (S.D. Fla. 2020); *Loral Corp. v. Swiftships, Inc.*, 77 F.3d 420, 422 (11th Cir. 1996); *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). Third, an arbitration award must be sufficiently final before a district court may review it. *See Schatt v. Aventura Limousine & Transp. Serv., Inc.*, 603 F. App'x 881, 887 (11th Cir. 2015).

First, the Court finds that Defendant's Motion to Confirm the Arbitration Award is timely because the Arbitration Panel's order in the arbitration proceeding was issued on November 18, 2021 and Defendant brought forth this petition on November 17, 2022.

Second, the Court has previously exercised jurisdiction and continues to have jurisdiction

over the Parties and this proceeding under 28 U.S.C. §1332 based on complete diversity of the Parties and the amount in controversy, which exclusive of interest and costs, exceeds the sum of $75,000. (ECF No. 1 at ¶¶ 6–9). Venue for this proceeding is proper in this Court pursuant to 9 U.S.C. § 9, and 28 U.S.C. §§ 1391(a)(2), 1391(a)(3), and 1391(c). (ECF No. 1); *see also Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000) (holding that venue is proper where the award was made, in any district proper under the general venue statute, or in the court specified by the parties).

In addition, when a court compels arbitration, it retains jurisdiction over subsequent motions to confirm or vacate an award. *Procraft of S. Fla., LLC v. Kryton Corp.*, No. 03-80975-CIV, 2006 WL 8445957, at *2 (S.D. Fla. Jan. 20, 2006), *report and recommendation adopted*, No. 03-80975-CIV, 2006 WL 8445956 (S.D. Fla. Mar. 3, 2006). Here, this Court compelled arbitration (ECF No. 27), and as such has retained jurisdiction to adjudicate this Motion. While Plaintiff argues that Defendant applied to confirm the arbitration award in the incorrect federal judicial district, this Court retains jurisdiction to confirm the award even though the arbitration took place in another district as this Court has subject matter jurisdiction over the action and venue is proper. *See Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 706 (2d Cir. 1985) ("Once a federal court has subject matter jurisdiction over an action, it may confirm an arbitration award even though it was not the district where the award was granted."); *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 200–04 (2000) (rejecting the notion that 9 U.S.C. § 9 mandates that a motion for confirmation of an award be brought in the district where the award was granted).

Third, the Court finds that the Arbitration Panel's order on Defendant's motion for summary judgment is sufficiently final for this Court to confirm. The Parties dispute whether that order is a final arbitral award. The Arbitration Panel granted Defendant's motion for summary

4

judgment in the arbitration proceeding. Plaintiff argues that the Arbitration Panel's decision was an "order" not an "award" because it is not an award, it should not be confirmed by this Court. However, Plaintiff's reliance on the name of the order, as opposed to its content or effect, is contrary to authority. *Cf. Vital Pharms.*, 528 F. Supp. 3d 1304, 1308, 1312 (S.D. Fla. 2020) (granting motion to confirm arbitration award of an arbitrator's order); *Harper v. Charter Commc'ns, LLC*, No. 219CV00902, 2019 WL 3683706, at *5 (E.D. Cal. Aug. 6, 2019) (holding the arbitrator's order was a final and confirmable award).

Alternatively, the Court construes Plaintiff's argument that the Court cannot confirm an arbitration order to mean that the order is not sufficiently final to be confirmed by this Court. *See* (ECF No. 51 at 3) ("[T]he AAA panel never entered a final arbitration award that this Court could, possibly, confirm and subsequently enter judgment on, because [Defendant] submitted a proposed final arbitration award to the AAA panel for its consideration and entry, which the AAA panel never entered.") (emphasis omitted).

An arbitration award "can be confirmed if it finally disposes of a separate independent claim." *Andrea Doreen, Ltd. v. Bldg. Material Loc. Union 282*, 250 F. Supp. 2d 107, 111–12 (E.D.N.Y. 2003) ("Generally, an arbitration award is final when no further litigation is necessary on the issue and the arbitrator intended that the award be final."); *Schatt*, 603 F. App'x at 887 ("[T]he FAA allows review of final arbitral awards only, but not of interim or partial rulings.").

The Arbitration Panel's order states, "This Order is in full settlement of all claims and counterclaims submitted to this Arbitration in the matter of Anibal Gomez v Allied Professionals Insurance Company, a Risk Retention Group, Inc., AAA Case No. 01-20-0005-4247. All claims not expressly granted herein are hereby denied." (ECF No. 48 at 13–14). The Arbitration Panel's order indicates it is final as it states it is the full settlement of all claims and counterclaims to the

arbitration.

Additionally, the Arbitration Panel's resolution of disputed fees further indicates its intention for the order to be final. In Defendant's motion for summary judgment before the Arbitration Panel, Defendant requested that Plaintiff pay Defendant's half of the AAA fees and expenses and arbitrator's compensation. (ECF No. 48 at ¶¶ 19, 22). Plaintiff stated in response that Plaintiff "[did] not oppose entry of a Final Award in [Defendant's] favor" but did oppose Defendant's request that Plaintiff pay the AAA fees and expenses and arbitrator's compensation. (*Id.* at ¶ 22). The Arbitration Panel's order states that "[t]he administrative fees and expenses of the AAA and the compensation of the arbitrators are to be borne as incurred." (*Id.* at 13). While resolving the pending claims and counterclaims, the Arbitration Panel also resolved additional disputes over fees and assured no significant issues remained to be determined.

In Plaintiff's Response in opposition, Plaintiff argues that the Panel's Order cannot be treated as a final award because it follows a dispositive motion, as opposed to a final hearing with final statements and proofs; and because it fails to conform to the scope and content of an award pursuant to the Commercial Arbitration Rules and Mediation Procedures (the "Rules") promulgated by the AAA. Plaintiff has attached a copy of an excerpt of the Rules[1] and particularly relies on Rules 45–50 to argue that the Arbitration Panel's order fails to satisfy the requirements of a final award. Review of the Rules only bolsters the conclusion that the Arbitration Panel's order granting summary judgment in this matter indeed constitutes a final award: the award is in writing, signed by a majority of the arbitrators; it grants the remedy requested by Defendant; and meaningfully, it "assess the fees, expenses and compensation" specifically required under Rules 53, 54, and 55. (ECF No. 51-2 at 13). Similarly, Plaintiff's myopic reliance on the timing of an

---

[1] (ECF No. 51-2).

award pursuant to Rule 45, which establishes an outer limit for the filing of an award following one of several alternative triggering events, including the receipt of the Parties' final statements and proofs, does not support Plaintiff's conclusion that the Rules do not contemplate entry of judgment on a dispositive motion. Rather, Rule 33 expressly contemplates the filing of dispositive motions "only if the arbitrator determines that the moving party has shown that the motion is likely to succeed *and dispose of or narrow the issues in the case*." (*Id.* at 8) (emphasis added). It is a peculiar interpretation indeed to suggest that this Rule limits the filing of dispositive motions but yet precludes judgment thereon.

Accordingly, the Court finds that the Arbitration Panel's order is a final award.

Finally, Plaintiff argues that even if this Court finds the Arbitration Panel's order to be a final award, confirming the award is not mandatory. However, under the FAA, "upon application of any party to the arbitration, the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute."[2] *Frazier v. CitiFinancial Corp.*, 604 F.3d 1313, 1321 (11th Cir. 2010) (citing 9 U.S.C. § 9). "The FAA 'imposes a heavy presumption in favor of confirming arbitration awards'; therefore, 'a court's confirmation of an arbitration award is usually routine or summary.'" *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011). While Plaintiff previously filed a Motion to Reopen that the Court considered "tantamount to a motion to vacate," Plaintiff's Motion was denied. (ECF No. 46). Plaintiff has neither moved to vacate nor advanced a cognizable ground for the Court to vacate the Arbitration Panel's award.

---

[2] The Court specifically contemplated this occurrence after administratively closing the case when directing the Parties that they may "seek to reopen the case" once the arbitration had concluded. (ECF No. 27 at 20).

### III.  RECOMMENDATIONS

Accordingly, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Confirm Arbitration Award and for Entry of Judgment (ECF No. 48) be **GRANTED** and the November 18, 2021 Order of the Arbitration Panel be **CONFIRMED**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Beth Bloom, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 26th day of May, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Beth Bloom
      All counsel of record